IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KIZZY TAWANA JOHNSON,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL CASE NO. 04-213-CG-M |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |
| | ) |

## ORDER

This cause is before the court on petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. (Doc. 304). Because this petition was filed more than one year after petitioner's conviction became final, the petition is due to be dismissed without requiring the United States to file an answer. See Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Court.

**I.   BACKGROUND**

On December 21, 2004, petitioner entered a plea of guilty to Count One of the Indictment, which charged the offense of conspiracy to possess with intent to distribute cocaine and crack cocaine. (Doc. 97). Petitioner was sentenced to 135 months custody. (Doc. 178). She appealed her conviction and sentence to the Eleventh Circuit. (Doc. 192). Petitioner's appointed counsel moved to withdraw from representation and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). On February 14, 2006, the Eleventh Circuit entered its judgment granting appointed counsel's motion to withdraw and affirming petitioner's conviction and sentence. (Doc. 244). Petitioner did not file a petition for writ of certiorari with the U.S.

Supreme Court. She filed her motion to vacate, set aside, or correct sentence on June 21, 2007. (Doc. 304).

## II.     ANALYSIS

Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, introduced for the first time a statute of limitations with respect to the filing of petitions for writs of habeas corpus and motions to vacate federal sentences. Accordingly, section 2255 provides a one-year limitation period, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Here, the only relevant date is "the date on which the judgment of conviction becomes final." Id.

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). There are two recognized exceptions to this general rule, which apply when a federal prisoner seeks direct appellate review of her conviction or sentence. First, if, following the disposition of her direct appeal, a federal prisoner files a petition for a writ of certiorari with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of her direct appeal,

the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is 90 days after the entry of judgment on direct appeal.  See Clay v. United States, 537 U.S. 522, 532 (2003).  The latter exception applies here.

When a defendant in a federal prosecution takes an unsuccessful direct appeal from a judgment of conviction, but does not then petition for a writ of certiorari from the Supreme Court, the judgment becomes "final" for postconviction relief purposes 90 days from the date of entry of judgment, not the entry of mandate.  See Sup. Ct. R. 13(3).  The Eleventh Circuit entered its judgment on February 14, 2006; thus, the date the judgment became final, as well as the starting date for the one-year limitation period, is May 15, 2006.  Petitioner filed her § 2255 petition on June 21, 2007, more than one year after "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255.

## CONCLUSION

For the foregoing reasons, petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Doc. 304) is **DISMISSED.**

**DONE and ORDERED** this 10th day of July, 2007.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE